UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LAVADA A. STRICKLAND,

    Plaintiff,

        v.

PETE BUTTIGIEG, SECRETARY OF
TRANSPORTATION,

    Defendant.

Civil Action No. 20-1890 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff LaVada A. Strickland brings this race-discrimination suit against the Secretary of Transportation after her Equal Employment Opportunity Commission appeal alleging unlawful discrimination was dismissed as untimely. The Government now moves to dismiss the case, contending that Plaintiff's Complaint has also been filed too late. The Court concurs.

**I.    Background**

In weighing a motion to dismiss, a court "may consider only the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). As the EEOC Charge and the Dismissal of Appeal are either attached to the Complaint or are matters that the Court may take judicial notice of, it may properly consider them without converting this Motion into one for summary judgment.

According to Plaintiff's Complaint, the facts of which are presumed true for purposes of this Motion, during her time as an employee of the Federal Aviation Administration, a

1

component of the Department of Transportation, she was subjected to discrimination, retaliation, and harassment on account of her race. See ECF No. 1 (Complaint), ¶¶ 5, 7–59. When she reported such behavior to the appropriate authorities, she alleges that certain individuals continued their harassment and also retaliated against her "solely because of the exercise of her constitutionally and statutorily protected right to complain about this harassment . . . and other misconduct." Id., ¶ 58.

Strickland then filed an EEOC complaint, which was dismissed after a formal review on September 9, 2019. See ECF No. 8-3 (3/13/20 Dismissal of Appeal) at 1. At the time of dismissal, the EEOC informed Strickland that she had 30 days to appeal the decision. Id. at 2. On December 13, 2019, DOT contacted the EEOC to inquire about the status of any appeal and learned that "[c]ommission records indicated no appeal had been filed with [the EEOC]." Id. at 1. DOT then gave the EEOC appeal paperwork that it had received from Strickland. The record is unclear as to why Plaintiff had submitted the paperwork to DOT and not the EEOC; nonetheless, "[b]ased upon receipt of these documents from [DOT], the [EEOC] docketed the instant appeal and considered the date of filing to be December 13, 2019." Id. That posed a problem: December 13 was more than 30 days after September 9. Id. For that reason, Strickland's appeal was dismissed as untimely on March 13, 2020. Id. at 2–3. The notice of dismissal informed Plaintiff that she had "ninety (90) calendar days" from the date of the decision "to file a civil action in an appropriate United States District Court" should she wish. Id. at 3. 116 days later, on July 7, 2020, Strickland filed her suit here against then-Secretary of Transportation Elaine Chao for violating Title VII. See Compl. at 1.

The Government has now moved either to dismiss under Federal Rule of Civil Procedure 12(b)(6) or for summary judgment. See ECF No. 8-2 (Def. MTD/MSJ). Strickland filed her

response after multiple extensions on June 21, 2021.  See ECF No. 15 (Pl. Response).  While she attached a Statement of Material Facts, see ECF No. 15-1 (SMF), and multiple exhibits in support, see ECF Nos. 15-4–17 (Exhibits A–N), she never filed any Memorandum of Points and Authorities.  As she has thus technically not opposed the Motion, the Court could grant it as conceded.  See LCvR 7(b).  Since Plaintiff is *pro se*, the Court will nonetheless look at the merits.

## II.     Legal Standard

As the Court will dismiss the case, it lays out only the Rule 12(b)(6) standard.  That rule provides for the dismissal of an action where a complaint fails "to state a claim upon which relief can be granted."  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The Court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'"  Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)).  It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference "unsupported by the facts set out in the complaint."  Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (first quoting Papasan v. Allain, 478 U.S. 265, 286 (1986); then quoting Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)).  For a plaintiff to survive a 12(b)(6) motion, the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

**III.     Analysis**

In seeking dismissal of the case or summary judgment, Defendant — now current Secretary of Transportation Pete Buttigieg — makes three arguments.  First, DOT contends that Strickland failed to timely file her suit.  See Def. MTD/MSJ at 7.  Second, it maintains that even if the suit were timely filed, Strickland did not exhaust her administrative remedies.  Id. at 10; see also Bowden v. United States, 106 F.3d 433, 437 (D.C. Cir. 1997) ("Complainants [in Title VII cases] must timely exhaust the[ir] administrative remedies before bringing their claims to court.") (internal citations omitted).  Finally, Defendant asks for summary judgment on the ground that Plaintiff was not subjected to any materially adverse actions.  See Def. MTD/MSJ at 15.

Satisfied that the issue of timeliness — or the lack thereof — resolves the case, the Court will only address Defendant's first argument.

A.  Failure to Timely File

Defendant urges that since Plaintiff did not file her suit with this Court within the time permitted under federal law, the case must be dismissed.  A federal employee may file a civil action in district court under Title VII "[w]ithin 90 days of receipt of notice of final action taken by a department, agency, . . . or the [EEOC]."  42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.407.  Strickland, however, failed to meet this deadline as she did not commence this action until July 7, 2020, several weeks after the permitted 90 days.  See Okereh v. Winter, 600 F. Supp. 2d 139, 141–42 (D.D.C. 2009) (noting that courts typically presume constructive notice of final decisions "three or five days after their issuance").

As Strickland filed no opposition, she says nothing to refute the Government's position.  Her only conceivable argument is contained in her Complaint, where she alleges that she "timely

filed her lawsuit within ninety (90) days of the receipt of her Notice of Dismissal from the EEOC." Compl., ¶ 5.  As support, Plaintiff points to her civil cover sheet, which is dated June 11, 2020 — *i.e.*, within 90 days of the Agency's final action.  See ECF No. 1-1 (Civil Cover Sheet) at 2.  But it was Strickland herself who filled in this sheet, including this date — indeed, Plaintiff could have written down any date she pleased.  The only date of relevance is when she actually filed the suit, which the same civil cover sheet shows to be July 7, 2020.  Id. at 1.  That means dismissal is warranted.  See, e.g., McAlister v. Potter, 733 F. Supp. 2d 134, 144 (D.D.C. 2010) (dismissing Plaintiff's Title VII allegations because lawsuit was filed 97 days after final EEOC action).

    B.  Equitable Tolling

There is an exception to this 90-day deadline — namely, the doctrine of equitable tolling. See Mondy v. Secretary of the Army, 845 F.2d 1051, 1054 (D.C. Cir. 1988) ("§ 2000e-16(c) is subject to equitable tolling").  The D.C. Circuit has cautioned, however, that "[t]he court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." Id. at 1057 (discussing applicability of equitable tolling to Title VII claims).  Still, equitable tolling may apply where, for example, "affirmative misconduct on the part of a defendant lulled the plaintiff into inaction," Smith v. Holder, 806 F. Supp. 2d 59, 63 (D.D.C. 2011) (citation omitted), or where "despite all due diligence[,] [she] is unable to obtain vital information bearing on the existence of [her] claim." Currier v. Radio Free Europe/Radio Liberty. Inc., 159 F.3d 1363, 1367 (D.C. Cir. 1998).

Plaintiff states that she has provided "supporting documents for equitable tolling."  Pl. Response at 1.  Although she never offers any further explanation, she does attach documents to her response indicating an earlier futile attempt to timely file materials in the Court of Federal

5

Claims in June 2020.  See ECF Nos. 15-14 (email regarding delivery of materials), 15-15 (summons received by Court of Federal Claims on June 11, 2020).  Given that EEOC's Dismissal expressly directed her to file in an "appropriate United States District Court," Dismissal at 3, it is unclear why she proceeded elsewhere.  In any event, Strickland subsequently received a letter from the Court of Federal Claims, see ECF No. 15-17, sent on June 17, 2020, explaining that it could "not file [her] submission."  Id.  Even if this Court were to equitably toll the clock through June 22 (five days after mailing), see Okereh, 600 F. Supp. 2d at 141–42 (typical presumption for mailing), Strickland offers no justification for why she waited another fifteen days to file in this Court.  Under this scenario, the Court cannot find extraordinary circumstances that would warrant equitable tolling here.

**IV.   Conclusion**

Because Plaintiff cannot prevail, the Court will grant Defendant's Motion and dismiss the case.  An Order so stating will issue this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  July 29, 2021